```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TRADEWINDS AIRLINES, INC.,          :
                                    :
                  Plaintiff,        :
                                    :
     -against-                      :
                                    :
GEORGE SOROS, et al.,               :
                                    :      08 Civ. 5901 (JFK)
                  Defendants.       :      10 Civ. 8175 (JFK)
-----------------------------------X
COREOLIS HOLDINGS, INC., et al.     :      MEMORANDUM OPINION
                                    :           AND ORDER
                  Plaintiffs,       :
                                    :
     -against-                      :
                                    :
GEORGE SOROS, et al.,               :
                                    :
                  Defendants.       :
-----------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court are two discovery requests made by plaintiffs TradeWinds Airlines, Inc. ("TradeWinds Airlines"), Coreolis Holdings, Inc. ("Coreolis Holdings"), and TradeWinds Holdings, Inc. ("TradeWinds Holdings") (collectively, "Plaintiffs") in these consolidated veil-piercing actions against defendants George Soros and Purnendu Chatterjee (collectively, "Defendants").  For the reasons discussed below, Plaintiffs' requests are denied.

-1-

I. **Background**

Plaintiffs obtained a default judgment against C-S Aviation Services, Inc. ("C-S Aviation") in the Superior Court of North Carolina. Plaintiffs seek to pierce the corporate veil of C-S Aviation and enforce the judgment against Defendants, as the alleged principals of C-S Aviation.

By its Memorandum Opinion and Order dated February 1, 2011, the Court granted in part the Defendants' motion to continue a stay of these actions until the resolution of appellate litigation in North Carolina finally determined the validity of Plaintiffs' judgment against C-S Aviation. See TradeWinds Airlines, Inc. v. Soros, 2011 U.S. Dist. LEXIS 9432 (S.D.N.Y. Feb. 1, 2011) (granting in part and denying in part motion to continue stay); TradeWinds Airlines, Inc. v. Soros, 2009 U.S. Dist. LEXIS 13867 (S.D.N.Y. Feb. 23, 2009) (granting motion for stay). Given uncertainty about the likely duration of the ongoing North Carolina state court litigation, the Court made a limited exception to the stay, permitting discovery necessary to prevent the possible loss of evidence. See id. at *9-11 ("Although the Kappel factors listed above generally weigh in favor of continuing the stay, the risks posed by an extended stay of these actions can be mitigated by permitting Plaintiffs to conduct a limited number of depositions . . . [which] will preserve evidence without serious detriment to Defendants, the

courts, or the public.")  Specifically, the Court granted Plaintiffs leave to depose five individuals--Bharat Bhise, James Walsh, Thomas Seery, Gary Kincaid, and George Soros--who Plaintiffs alleged might, due to the passage of time, become unavailable to testify in the future.  These actions were, with a few exceptions not relevant here, otherwise stayed.

In a letter to the Court dated February 2, 2011, Plaintiffs requested document discovery and leave to depose additional potential witnesses.  By a February 7 memorandum endorsement, the Court rejected Plaintiffs' request for leave to depose additional potential witnesses, and permitted Plaintiffs to request only documents authored by or directed to the attention of the persons to be deposed pursuant to the February 1 Memorandum Opinion and Order.

By letter to the Court dated February 9, Plaintiffs now request that the Court modify protective orders entered by Judges Deborah Batts and Harold Baer in terminated cases in the Southern District of New York and permit Plaintiffs to seek additional document discovery.  The protective orders limit access to the transcripts of depositions taken in <u>Jet Star Enterprises, Ltd. v. CS Aviation Services</u>, 01 Civ. 6590 (DAB) ("<u>Jet Star I</u>"), and <u>Jet Star Enterprises Ltd. v. Soros</u>, 05 Civ. 6585 (HB) ("<u>Jet Star II</u>"), and while counsel for the defendants and counsel for plaintiff TradeWinds Airlines have access to the

transcripts under the terms of the protective orders because they were present in the Jet Star I and Jet Star II cases, counsel for plaintiffs Coreolis and TradeWinds Holdings do not have access to the transcripts.  Additionally, Plaintiffs request documents relating to a number of topics, including C-S Aviation's decision to default in the North Carolina litigation, Defendants' alleged decision to permit C-S Aviation to become void under Delaware law, the revival of C-S Aviation after the filing of these veil-piercing actions, the corporate governance of C-S Aviation, and the assets possessed by C-S Aviation.

Defendants responded by letter dated February 11, and Plaintiffs replied on the same day.  On March 9, the Court held a conference with counsel for all parties present, and permitted the parties to present arguments on Plaintiff's requests.

## II.  Discussion

### A.   Jet Star I and Jet Star II Transcripts

The undersigned is unaware of any legal authority permitting a district court judge to modify an order entered by another sitting district court judge.  According to Rule 1 of this Court's Rules for the Division of Business Among District Judges, "[e]ach civil and criminal action and proceeding . . . shall be assigned by lot to one judge for all purposes."  Jet Star I and Jet Star II remain assigned to Judge Batts and Judge Baer, respectively.  At oral argument, the parties agreed that

the protective orders were stipulated orders, but this fact does not alter the legally binding nature of the protective orders entered in Jet Star I and Jet Star II.  Plaintiffs assert that this Court has authority to modify the Jet Star I and Jet Star II orders, but have presented no legal authority to support this assertion.  Because there is no clear authority permitting such a request, the Court denies Plaintiffs' request to modify the Jet Star I and Jet Star II protective orders.

**B.   Additional Document Discovery**

To permit document discovery beyond the scope of the Court's prior orders would upset the careful balancing it conducted in its February 1 Memorandum Opinion and Order.  In deciding a motion to stay under a court's inherent power "to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants," Landis v. North American Co., 299 U.S. 248, 254 (1936), a district court looks to various factors, including:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quotations omitted).  Because the Plaintiffs made a showing that certain witnesses might be unavailable to testify when and

if the stay is lifted, the Court granted Plaintiffs leave to depose those potential witnesses, despite its finding that a stay of the action was generally warranted. In the instant discovery request, Plaintiffs have shown neither that the documents requested are likely to become unavailable nor that the documents are critical for the preservation of the deponents' memories. The possibility for high cost or undue delay involved with litigating the discovery issues that may arise further weigh against permitting an additional exception to the stay of this action. Therefore, the Court denies Plaintiffs' request for additional discovery.

### III. Conclusion

For the reasons stated above, Plaintiffs' requests for a modification of the <u>Jet Star I</u> and <u>Jet Star II</u> protective orders and for additional document discovery is DENIED.

**SO ORDERED.**

Dated:   New York, New York
         March 11, 2011

                                    _____
                                            JOHN F. KEENAN
                                    United States District Judge